**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL JOHN WAYNE THOMPSON,<br><br>  Petitioner,<br><br>  v.<br><br>L.B. KELLY,<br><br>  Respondent. | Civil Action No. 25-12955 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the Court's screening of the habeas petition filed by Petitioner Michael John Wayne Thompson pursuant to 28 U.S.C. § 2241. (ECF No. 1). As Petitioner has now paid the filing fee, this Court is required to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, Petitioner's habeas petition shall be dismissed without prejudice.

I.  **BACKGROUND**

Petitioner is a convicted federal prisoner currently serving a federal sentence in FCI Fairton. (ECF No. 1 at 1-2.) According to petitioner, he reached the date upon which he was

eligible for transfer to a residential facility or halfway house on April 7, 2025,[1] but remains in prison as the BOP has not transferred him. (*Id.* at 6.) Petitioner thus seeks an order directing his transfer to such a facility. (*Id.*) Petitioner did not exhaust his administrative remedies before filing his current habeas petition, however. (*Id.*) Instead, Petitioner merely filed the initial remedy form and thereafter filed this matter before receiving an initial response from the BOP. (*Id.* at 2-7.) Petitioner believes exhaustion here would be futile, however, given the length of his remaining sentence and his belief that the BOP is not following the Second Chance Act. (*Id.* at 6.)

## II. **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), the courts are required to preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

---

[1] In his habeas petition, Petitioner asserts this by stating that he has reached his Second Chance Act "release date" and that the BOP has refused to release him into a halfway house. (*Id.* at 6.) The Second Chance Act, however, did not create a single automatic date for transfer to a halfway house or residential facility, but rather lengthened the portion of a prisoner's sentence during which he is eligible to be placed in a residential facility, the Court thus construes Petitioner not to be asserting that he is being held beyond the length of his sentence, but rather that the BOP has declined to transfer Petitioner to such a facility despite being eligible for such a transfer. *See, e.g., Vazquez v. Strada*, 684 F.3d 431, 432-33 (3d Cir. 2012). It is clear Petitioner does not contend that his actual sentence has run, but merely that he has been prevented from being transferred to a residential facility. (*See* ECF No. 1 at 2-6.)

relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### III.  DISCUSSION

In his habeas petition, Petitioner admits that he did not exhaust his administrative remedies regarding his Second Chance Act placement prior to filing his habeas petition in this matter. Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and an inmate's failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation, *see Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008), nor will exhaustion be futile merely because it is unlikely to be completed in the remaining portion of a prisoner's sentence. *Bortolotti v. Knight*, No. 22-6137, 2022 WL 17959577, at *3 (D.N.J. Dec. 27, 2022).

Here, Petitioner contends that exhaustion would be futile because it would take a considerable amount of time, possibly exceeding his remaining sentence, to complete and because he believes the BOP, in not transferring him previously to a residential facility, is failing to follow the Second Chance Act. The first argument is clearly without merit, courts have consistently

3

rejected the assertion that exhaustion becomes futile merely because a prisoner delays in exhausting the issue until little time remains on his sentence. *Bortolotti*, 2022 WL 17959577, at \*3. The Third Circuit has likewise rejected the contention that a prisoner can claim futility where he challenges the BOP's decisions as to the length of his placement in a residential facility under the Second Chance Act. *See Vasquez*, 684 F.3d at 433-34. As placement decisions under the Act are placed in the discretion of the BOP, and the BOP can consider or reconsider its decision as appropriate upon the filing of an administrative remedy, and as any such remedy would at the very least create a record as to the basis for the BOP's placement decision, requiring exhaustion in this matter is appropriate and exhaustion would not be futile. *Id.* Petitioner's habeas petition must therefore be dismissed without prejudice for lack of exhaustion.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge